IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARAKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 4:12CR40015-001 |
| | ) | |
| CHADWICK WILLIAMS | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through Conner Eldridge, United States Attorney for the Western District of Arkansas, and Kenneth P. Elser, Assistant United States Attorney for said District, and for the Government's Sentencing Memorandum, states to the Court as follows:

Defendant, Chadwick Williams has objected to the Presentence Report (PSR) alleging that he should not be held accountable for at least 280 grams of cocaine base, that he should not receive an enhancement for maintaining a drug premises, and that he should not be denied a reduction for acceptance of responsibility. Williams' objections to the PSR are without merit and should be denied.

**I.   The PSR Properly Held Williams Responsible for At Least 280 grams of Cocaine Base Since Williams Plead Guilty to the Charge Of Conspiracy to Distribute More than 280 Grams of Cocaine Base**

Although Williams plead guilty to Conspiracy to Distribute more than 280 grams of cocaine base and stipulated in the plea agreement that he should be held accountable for at least this amount, he now objects to the PSR holding him accountable for this drug quantity. In <u>United States v. Umanzor</u>, 617 F.3d 1053 (8th Cir. 2010), the Eighth Circuit rejected this same argument and held that "the quantity as alleged in the indictment and admitted at the plea hearing is established by the conviction and necessarily serves as a "floor" for sentencing purposes." <u>Id</u>. at

1

1062. See also, United States v. Campos, 362 F.3d 1013, 1015-16 (8th Cir.2004) ("Once the jury found beyond a reasonable doubt that the amount of methamphetamine [the defendant] intended to distribute was 50 or more grams, it was a legal impossibility for the district court to find by a preponderance of the evidence that the amount [the defendant] intended to distribute was less than 50 grams.")

## II.  The PSR Properly Applied a Two Level Enhancement For Maintaining A Drug Premises Pursuant to U.S.S.G. § 2D1.1(b)(12)

U.S.S.G. § 2D1.1(b)(12) provides, "If the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase by 2 levels." Application Note 17 which deals with the application of the enhancement provides, "Subsection (b)(12) applies to a defendant who knowingly maintains a premises (i.e., a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution. Among the factors the court should consider in determining whether the defendant maintained the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises. Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises. In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes."

In United States v. Miller, 698 F.3d 699 (8th Cir. 2012), the Eighth Circuit held that a defendant who had participated in three controlled buys of drugs at her residence was properly

assessed an enhancement for maintaining a drug premises. In reaching this conclusion the court stated, "[We} conclude, § 2D1.1(b)(12) applies when a defendant uses the premises for the purpose of substantial drug-trafficking activities, even if the premises was also her family home at the times in question." Id. at 707.

In United States v. Johnson, 737 F.3d 444 (6th Cir. 2013), the Sixth Circuit applied the enhancement where the defendant plead guilty to possessing 1200 pounds of marijuana in his home. The court stated, "Consistent with the language of the guideline, its application note and the history behind it, the drug-house enhancement applies to anyone who (1) knowingly (2) opens or maintains any place (3) for the purpose of manufacturing or distributing a controlled substance." Id. at 447. "If the defendant lives in the house, the maintaining-a-place element is normally easily proved because a person both holds a possessory interest in and controls access to, or activities at his own home." Id. A defendant may maintain a place for the purpose of manufacturing or distributing drugs "even if that is not the sole purpose for which the premises was maintained." Id. A defendant also need not maintain the whole home for distributing drugs to qualify for the enhancement. Id. "The more characteristics of a business that are present in the home—such as tools of the trade (e.g., laboratory equipment, scales, guns and ammunition to protect the inventory and profits), profits including large quantities of cash, and multiple employees or customers, the more likely it is that the property is being used for the purpose of prohibited drug activities." Id.

In this case, according to paragraph 8 of the PSR, to which Williams did not object, officers executed a search warrant on Williams' residence on Champion Place in Texarkana, Texas on October 2, 2011, and discovered a large amount of cocaine and crack cocaine, utensils used in manufacturing crack cocaine, digital scales, and a .45 caliber semiautomatic pistol. When

officers arrested Williams returning to the house, they recovered $3895 in cash on his person. This evidence clearly establishes that Williams maintained this residence to conduct his crack cocaine business including to manufacture cocaine into crack cocaine. In addition to this evidence, officers debriefed a cooperating defendant who stated that on approximately 10 to 12 occasions he "cooked" from 4 ½ to 9 ounces of cocaine into crack cocaine for Williams at Williams' residence on Champion Place. Based on all this, the PSR correctly applied a two level enhancement for maintaining a drug premises.

### III. Williams Should Not Receive Any Reduction For Acceptance of Responsibility

Williams also argues that he should receive a reduction under U.S.S.G. §3E1.1 for acceptance of responsibility. In considering whether a defendant has accepted responsibility, the court is to consider whether the defendant has "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or not falsely den[ied] any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." See, U.S.S.G. §3E1.1 Application note 1(a). A plea of guilty does not guarantee a reduction. See U.S.S.G. §3E1.1 Application note 3.

Whether to grant a reduction for acceptance of responsibility is for the trial judge to decide. "[T]he district court is in a unique position to evaluate a defendant's acceptance of responsibility." United States v. Furlow, 980 F.2d 476, 476 (8th Cir.1992) (en banc), cert. denied, 508 U.S. 914, 113 S.Ct. 2353, 124 L.Ed.2d 261 (1993). "[E]ven a guilty plea does not guarantee a reduction." United States v. Clair, 934 F.2d 943, 946 (8th Cir.1991).

In moving to withdraw his guilty plea, Williams specifically denied that he was guilty of the offense to which he plead guilty and submitted a letter to the Court (Document 28) in which he stated that he "was not guilty of conspiracy to distribute 280 grams of crack cocaine."

Williams later affirmed this statement by an affidavit (Document 39). By asserting that he is not guilty of the charge to which he plead guilty, Williams has failed to demonstrate acceptance of responsibility.

In United States v. Bastian, 603 F.3d 460 (8th Cir. 2010), the Eighth Circuit held that the district court was correct in denying a reduction for acceptance of responsibility to a defendant who attempted to withdraw his guilty plea. The court stated, "A defendant's attempt to withdraw his guilty plea may be evidence that he did not accept responsibility for his offense." Id. at 465. *Citing*, United States v. Newsom, 46 F.3d 730 (8th Cir. 1995)(district court properly denied the defendant a reduction of acceptance of responsibility based on the fact that the defendant filed a motion to withdraw his guilty plea.) See also, United States v. Vaca, 289 F.3d 1046 (8th Cir. 2002)(district court did not err in denying reduction for acceptance of responsibility to defendant who moved to withdraw his guilty plea); United States v. Gaines, 187 Fed Appx. 658 (8th Cir. 2006) (unpublished opinion) (district court properly denied acceptance of responsibility to a defendant who filed a motion to withdraw his guilty plea). Since Williams not only moved to withdraw his plea but did so on the basis that he is not guilty of the offense to which he plead guilty, he should not receive any reduction for acceptance of responsibility.

## CONCLUSION

For the reasons set forth above, the United States asserts that the final PSR correctly calculates the advisory sentencing guidelines and that Williams' objections to the PSR are without merit.

        Respectfully submitted,
        Conner Eldridge
        United States Attorney

By;   /s/ *Kenneth Elser*
       Kenneth Elser
       Assistant U.S. Attorney
       Arkansas Bar No. 89184
       414 Parker Avenue
       Fort Smith, AR 72901
       479-783-5125
       E-mail Kenny.Elser@usdoj.gov

## CERTIFICATE OF SERVICE

I, Kenneth Elser, Assistant U.S. Attorney for the Western District of Arkansas, hereby certify that on this 10th day of January, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the following pleading to:

   Bruce Eddy, attorney for the Defendant

        /s/ *Kenneth Elser*
        Kenneth Elser
        Assistant U.S. Attorney